In the Matter of the Application of THE CITY OF NEW YORK, Petitioner, for a Peremptory Mandamus Order against FRANK SCHAFER, Clerk of the Municipal Court of the City of New York, Eighth District, in the Borough of Manhattan, and TIMOTHY A. LEARY, as President-Justice of the Municipal Court of the City of New York, Respondents.

Supreme Court, New York County, March 31, 1932.

*Arthur J. W. Hilly, Corporation Counsel [William E. C. Mayer, Assistant Corporation Counsel, of counsel], for the motion.*

*John J. Bennett, Jr., Attorney-General [Robert P. Beyer, Deputy Assistant Attorney-General, of counsel], intervenor.*

*Irving Weber, for the respondents, opposed.*

LEVY, J. The city of New York seeks a peremptory mandamus order against a clerk of the Municipal Court of the City of New York to compel him to file a verified summons and complaint in an action instituted by the city of New York against Francis H. Leggett & Co. to recover in tort. Respondent clerk has hitherto refused to file the summons and verified complaint on the ground that the fees alleged to be provided for in the Municipal Court Code have not been tendered or paid by the city. The petitioner takes the position that chapter 550 of the Laws of 1902, as amended by chapter 602 of the Laws of 1921, exempts the law department of the city from the payment of fees to any public salaried officer required by law to deposit the fees collected by him into the city treasury. The clerk of the Municipal Court is such a salaried officer and expressly within the purview of that statute.

The only ground on which the clerk resists the application is that section 175 of the Municipal Court Code is a specific statute, which, by limiting the remission of fees to actions brought in the name of the city of New York to recover a penalty, by implication authorizes the clerk to collect fees in other cases in which the city is plaintiff. It is difficult to see what effect is to be given to chapter 550 of the Laws of 1902 under such an interpretation. I am inclined to think that the respondent has mistaken the purpose of section 175 of the Municipal Court Code. Its true object appears when it is regarded in the light of its historical origin. In its earlier form it constituted section 1384 of the Greater New York Charter. It was primarily intended to facilitate actions brought by the city authorities to recover penalties, and with this object in view it permitted the corporation counsel to issue summonses out of that court, without having them subscribed by the clerk. This was contrary to the statutory practice then in vogue under the old Municipal Court Act, which required process to be issued by the clerk. It further relieved the representatives of the city from paying the statutory fees in actions to recover a penalty, and also freed the city from liability for costs in the event of an adverse judgment. Upon a successful termination in such actions, a provision was made for an accounting to the city treasury

by the respective law officers for costs and disbursements collected from the other side.

When the Municipal Court Code was adopted in 1915 it was no longer necessary to retain the provision as to the issuance of the summons direct, without the signature of the clerk, because all litigants obtained the same privilege under the revised Code. Consequently, the old statute — in its new form as section 175 — retained only the provisions with reference to fees *and costs*. But it did not, either expressly or by implication, limit the privilege of dispensing with filing fees to actions brought to recover a penalty. It follows from these considerations that the petitioner is correct in its contention as to the scope of chapter 550 of the Laws of 1902. This conclusion is supported by a reading of a parallel statute — section 84 of the Executive Law — which extends a similar exemption from fees to State officers.

The application for a peremptory mandamus is granted. Settle order.